**June H. JETT, Appellant,**

v.

**Brown BEGLEY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

S. M. Ward, Hazard, for appellant.

Scott E. Duff, Hazard, for appellees.

MOREMEN, Judge.

In 1915, Justice Begley and Farmer Begley divided a tract of land. Justice Begley took that portion of the land which lies near the source of Brushy Fork in Perry County. Farmer Begley received title to the land that lies down stream and near the mouth of the creek.

Appellant claims title through Justice Begley and appellees claim through his brother, Farmer Begley.

This suit arose out of a disagreement as to the location of the dividing line originally agreed upon by the two brothers when they severed the property. About forty acres are in dispute.

The parties have deeds containing similar descriptions which, if correctly located on the ground, will establish the true line of division. The description in appellant's deed reads: "Beginning on two willow trees just below the house of Justice Begley." The other deed has this direction: "Thence down the hill with the line to two willow trees on Brushy Fork at Justice Begley's."

When the case was being tried the location of the site of the house of Justice Begley and the identification of the two willow trees became important, but the witnesses who were introduced by each party disagreed as to their correct location. The chancellor accepted the testimony offered by appellees as being convincing and awarded title to the disputed land to them. On this appeal we are asked to upset his judgment.

Both sides had the ground surveyed by competent civil engineers. Each engineer filed a map which undertook to locate and describe the disputed line, but each engineer, to a great extent, relied upon extraneous information as to the location of the willow trees and the drain which adjoined it. Each surveyor was able to identify some of the monuments, but was unable to locate others; for instance, the engineer for appellees found a white oak stump which was not found by the other, while appellant's engineer alone located a cucumber tree which was called for in one of the descriptions. The pivotal evidence seems to us, as it must have to the chancellor, to depend upon the site of the Justice Begley house and the location of the two willow trees.

Witnesses introduced by appellees testified that the Begley house had long since been destroyed, but they established the fact that the scattered stonework of the house still remained. It was proven that an old willow stump stood near that site, and this they identified as the point where the two willow trees stood. On the other hand witnesses for appellant identified two willow trees still standing (which were about 10″ in diameter) some distance away from the site of the old Begley house, and insisted that this was the spot referred to as being near Justice Begley's home. The point identified by appellees' witnesses was about 100 feet from the house and the point identified by appellant's witnesses was also down the fork, but about 700 feet below the Begley house. (We have taken these rough estimates from a map filed in the evidence.)

Appellant has failed to convince us that the Chancellor's conclusion was erroneous. He elected to believe one group of witnesses over another and in this we believe he was correct. It seems scarcely reasonable that a description calling for the beginning point at willow trees either "just below the house of Justice Begley" as contained in

appellant's deed, or "on Brushy Fork at Justice Begley's" would mean six or seven hundred feet away from the house.

We believe the court correctly defined the dividing line between these tracts of land and the judgment stands affirmed.